THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CARLOS FERNANDO BOLOM TZI** | |
| | **CIVIL ACTION** |
| **v.** | |
| | **No. 26-0099** |
| **JAMAL L. JAMISON, WARDEN,** **FEDERAL DETENTION CENTER** | |

**Henry, J.**                                                                                    **January 15, 2026**

**MEMORANDUM**

Carlos Fernando Bolom Tzi[1] is one of many people who have recently been detained by immigration authorities under the authority of a new decision by the Bureau of Immigration Appeals (BIA). The BIA's interpretation of Immigration and Nationality Act (INA) § 235, *codified at* 8 U.S.C. § 1225, would permit it to treat as "seeking admission" an immigrant who was not inspected upon arrival in the country, no matter how long ago that arrival occurred.[2] This distinction deprives a detainee like Tzi of any hearing at which he could try to prove that he should be released on bond. Because I join the analysis of hundreds of other decisions in recent months rejecting the BIA's analysis, I grant Tzi's petition for a writ of habeas corpus and order his immediate release, subject to possible later rearrest.

---

[1] I follow the Clerk's designation of the petitioner's last name as Tzi, but I note that the motion for a temporary restraining order includes asylum paperwork referring to his last name as "Bolom Tzi." I regret that one of us may have the designation wrong, but the parties stipulated to skipping a hearing at which I might have just asked.

[2] I follow my colleagues in referring principally to the section as codified in Title 8 of the United States Code rather than the sections as numbered in the INA, but it makes no difference. *But cf. Lattab v. Ashcroft*, 384 F.3d 8, 12 n.1 (1st Cir. 2004).

## I.    BACKGROUND

On January 8, 2026, Tzi filed a petition for a writ of habeas corpus and an emergency motion for a temporary restraining order. In his papers, Tzi states that he is detained in the Philadelphia Federal Detention Center (FDC). Tzi's petition is sparse and unaccompanied by exhibits.[3] Nevertheless, as the respondent himself represents, Tzi was arrested by ICE under the mandatory detention provision of 8 U.S.C. § 1125 (INA § 235) and therefore determined that he would not be permitted a bond hearing. Br. in Opp. ("BIO") 3.

## II.    DISCUSSION

I do not proceed from a blank canvas. Instead, as the respondents acknowledge, "[t]he specific legal question raised by the petition has been considered by numerous courts," of which "[t]he vast majority—including all decisions in this district (more than 70 to date)—have rejected the government's position." BIO 1; *compare id. with Soumare v. Jamison*, 2025 WL 3461542 (E.D. Pa. Dec. 2, 2025) (citing the government's similar disclosure at the time of merely "[t]he majority"

---

[3] Counsel for Tzi filed his petition using a form developed for prisoners petitioning *pro se*. *See* Instructions, AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 at 1 ("You should use this form if • you are a federal prisoner . . . • you are in federal or state custody . . . • you are alleging that you are illegally detained . . ."). The form was signed on a line for an attorney or other represented party by Joseph Rollo, a member of this Court's bar, and not by Tzi, although it speaks of the petitioner in the first person. Pet'n 8. Rollo also signed the motion, although he has not appeared. *Cf.* Fed. R. Civ. P. 11(a). Both papers were electronically filed by Theodore C. Flowers. On January 13, 2026, Christine M. Flowers appeared on Tzi's behalf.

I am cognizant of the need to move quickly when someone appears to be detained illegally under the persuasive analysis of hundreds of federal judges. I nevertheless caution counsel that the present filings, and particularly the petition, are clumsy and could easily have failed were the government to have raised serious objections. Among other things, the petition lacks direct allegations regarding the nature of Tzi's arrest and detention and only implicitly contains sufficient information to ascertain the legal basis for granting relief. Nevertheless, the parties entered a stipulation permitting my review of facts presented in the petition and apparently in the motion exhibits as well. ECF 6 ("The material facts are thus undisputed and the petition and motion for a temporary restraining order may be decided on the papers without a hearing.").

of numerous courts including all five Third Circuit district court decisions at that point). The "specific legal question" resolves into the preliminary issue of jurisdiction followed potentially by arguments on the merits that center on Section 1225, but which may also touch on the Constitution's Due Process Clause as well as immigration regulations.

By November, another judge of this Court had determined that there had been 288 decisions considering the "specific legal question raised," in 282 of which similar district courts have found jurisdiction to be proper and proceeded to rule on the merits in favor of the petitioner. *Demirel v. Federal Detention Center Philadelphia*, Civ. No. 25-5488, 2025 WL 3218243, at *1 (E.D. Pa. Nov. 18, 2025); *see also id.* ECF 11-1 (appendix collecting 288 cases). By late November, a judge on the Southern District of New York calculated the figure at 350. *Barco Mercado v. Francis*, No. 1:25-cv-06582-LAK, slip op. at 10 & n.22 (S.D.N.Y. Nov. 26, 2025). There is not appellate authority on the matter from the judiciary, although the government has begun the process of filing appeals in some circuits.[4]

The parties are entitled to the giving of reasons, but I must balance the depth of my composition against the fact that I have little new to say, and Tzi is suffering an ongoing detention which I have determined to be unlawful. I therefore rely more than other times for the expression of my reasoning on the explanations already set out by my colleagues.

The respondents first object to the Court's jurisdiction. They raise three paragraphs of the INA: 8 U.S.C. §§ 1252(g), 1252(b)(9), and 1252(a)(2)(B)(ii).[5] In short order: Section 1252(g) is

---

[4] *E.g.*, Prisoner Case with Counsel Docketed, *Buenrostro-Mendez v. Bondi*, No. 25-20496, Dkt. 1 (5th Cir. Nov. 11, 2025).

BIA is an appellate court, but not a part of the judiciary. Although it decides appeals taken from immigration courts, it does not decide appeals taken from United States district courts like the 288 compiled in the *Demirel* appendix.

[5] Since the brief in opposition was filed, Tzi has provided no further briefing of his own.

inapposite, since Tzi does not attempt by this petition to address the commencement, adjudication, or execution of removal orders and their proceedings. *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999) (applying jurisdiction stripping "only to [these] three discrete actions"). Section 1252(b)(9) "does not reach claims that are independent of, or wholly collateral to, the removal process." *E.O.H.C. v. Sec'y United States Dep't of Homeland Sec.*, 950 F.3d 177, 186 (3d Cir. 2020) (cleaned up). Finally, the respondents' statutory detention power is "not a matter of discretion" to which § 1252(a)(2)(B)(ii) applies. *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001).

Turning to the merits, the question is whether Tzi is properly detained under the mandatory detention provisions in 8 U.S.C. § 1225. According to respondents, this detention falls within the ambit of § 1225(b)(2)(A): "[I]n the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien *seeking admission* is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained . . ." (emphasis added). The respondents claim that Tzi was "seeking admission" in this section although he had been in the country since 2019 and was detained in the last weeks of 2025. This reading suffers from several textual problems: It is not a plain reading of the text, since it would be strange to say that Tzi sought to be admitted to a place he had already entered. *Kashranov v. Jamison*, 2025 WL 3188399 at *6–7 (E.D. Pa. Nov. 14, 2025). It threatens to make meaningless the concurrent requirement that the same "alien *seeking* admission" be an "*applicant* for admission." *Demirel*, 2025 WL 3218243, at *4. It would similarly make Congress's recent enactment of the Laken Riley Act, Pub. L. No. 119-1, 139 Stat. 3 (2025), which separately expanded mandatory detention, "beside the point." *Demirel*, 2025 WL 3218243, at * 4 (citing *Stone v. I.N.S.*, 514 U.S. 386, 397 (1995)). *But see Hurtado*, 29 I&N Dec. at 222 (offering alternative textual analysis).

Because I find the statutory arguments sufficient to hold unlawful his present detention, I need not reach constitutional or regulatory arguments.

The respondents do not argue that Tzi is presently detained pursuant to both § 1226 and § 1225. Section 1226, which permits detention but would generally permit the detainee to seek bond, was cited in the warrant for his arrest, pet. ex. B (as INA § 236), but not in the respondents' papers. The government has occasionally and recently argued that these two sections cover non-overlapping groups of detainees. *See Demirel*, 2025 WL 3218243, at \*5. Since Tzi has not had a bond hearing, even if I were to hold that he is detained pursuant to § 1226, his detention without a bond hearing would be unlawful.

Finally, as to the very brief motion for a temporary restraining order, the relief sought by the motion is not especially clear. It requests an order restraining the government not from detaining Tzi but from removing him during the pendency of his asylum claim, as well as a hearing at which the respondent may show cause why that order should not be converted into a preliminary injunction. The motion relies on constitutional provisions with citation to authority only for the standard of review. Although I generally hold a respondent to its burden to provide a meaningful opposition, and here the government has essentially offered none, such a movant nevertheless bears the burden of persuasion. I decline the opportunity to develop Tzi's constitutional theory without the assistance of his counsel.

### III. <u>CONCLUSION</u>

For the reasons given above, Tzi's present detention is unlawful. I will issue an order granting him a bond hearing upon any future detention under § 1226.