THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CARLOS FERNANDO BOLOM TZI**<br><br>v.<br><br>**JAMAL L. JAMISON, WARDEN,<br>FEDERAL DETENTION CENTER** | **CIVIL ACTION**<br><br>No. 26-0099 |

### ORDER

**AND NOW**, this 15th day of January, 2026, upon consideration of the petition for a writ of habeas corpus and a motion for a temporary restraining order, and the answer and responses thereto, it is hereby **ORDERED**:

1. The motion for temporary restraining order (ECF 2) is **DENIED**.

2. The petition (ECF 1) is **GRANTED** for the reasons in the accompanying memorandum.

3. Jamison shall immediately **RELEASE** Tzi from custody and certify compliance with this Order by a filing on the docket on January 16, 2026, regarding Tzi's custody status.

4. Respondents are **ENJOINED** for a period of seven days following Tzi's release from custody pursuant to this order from detaining Tzi based on the same putative legal bases for his present arrest and detention, which is to say under 8 U.S.C. §§ 1225 or 1226.[1]

---

[1] Tzi is not subject to mandatory detention under 8 U.S.C. § 1225. If Tzi is not released from custody because he is otherwise detained, for instance on a criminal or civil commitment, then the seven-day period begins on the date of the lifting of detainers related to his immigration detention under §§ 1225 and 1226.

5. If the government seeks to detain Tzi after the period of seven days has elapsed, it must provide him with a bond hearing within 48 hours of his detention. If no bond hearing is provided within 48 hours, Tzi's remedy will recur.

**BY THE COURT**:

*s/ Catherine Henry*
**CATHERINE HENRY, J.**
